IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:01-48-1 |
| | ) | C.A. No. 6:05-453-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Milton Braten, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on the United States of America's ("Government") June 14, 2005, motion ("June Motion") for an extension of time to respond to Milton Braten's ("Braten") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), and on Braten's motions for discovery, for appointment of counsel, for an evidentiary hearing, and to "expand the record." (Movant's Resp. Opp'n Mot. Extension 4.) As set forth below, the court denies the June Motion, denies Braten's motions for discovery, appointment of counsel, and an evidentiary hearing, and grants his motion to "expand the record."

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Braten was convicted by a jury on January 15, 2002, for making false statements to federal agents, obstruction of justice, and attempting to influence or delay testimony of the Government's witnesses. (§ 2255 Motion 2.) Braten was sentenced to one hundred twenty-one (121) months' imprisonment, and his conviction and sentence were affirmed on appeal. United States v. Braten, No. 02-4445, 2003 WL 22718202 (4th Cir. Nov. 19, 2003) (unpublished). Braten is currently serving his sentence at FMC Devens, in Ayer,

1

Massachusetts.

Braten filed a motion pursuant to 28 U.S.C. § 2255 collaterally attacking his conviction and sentence on February 14, 2005. In his § 2255 Motion, Braten raised numerous allegations that his trial counsel, James M. Griffin ("Griffin"), and his appellate counsel, John D. Elliott ("Elliott"), were constitutionally ineffective. Braten also moved to expand the record, for discovery, for an evidentiary hearing, and for appointment of counsel.

On May 31, 2005, the court ordered the Government to respond to Braten's § 2255 Motion ("May Order"). In its June Motion, the Government requested an extension of time to respond to Braten's § 2255 Motion. In addition, the Government asserted that "it is necessary for the Government be able to communicate with defense counsel regarding their representation of Braten as it obtains [sic] to these allegations prior to filing its responsive motion." (June Mot. 1.) Accordingly, the Government requested that this court "order that counsel for Petitioner, James M. Griffin and John D. Elliottt submit to an interview and/or prepare affidavits regarding the claims of ineffective assistance of counsel alleged in Petitioner's 133 page petition." (Id.) Further, the Government requested that the court allow it to file its response to Braten's § 2255 Motion thirty days after either receiving the affidavits or conducting the interviews.

Braten responded on June 23, 2005 ("First Response"), objecting to the Government's request that the court order Griffin and Elliott to submit to interviews or provide affidavits. Braten further claimed that he had not received the June Motion. The Government replied to Braten's response on July 15, 2005, reasserting its argument for ordering Griffin and Elliott to submit to interviews or file affidavits, and opposing Braten's motions for appointment of

2

counsel, discovery, and an evidentiary hearing. After the court ordered another copy of the June Motion be mailed to Braten, Braten filed a second response on August 23, 2005 ("Second Response"), further objecting to the June Motion.

## II. Discussion of the Law

### A. June Motion

In the June Motion, the Government acknowledges that much of the information it seeks would ordinarily be protected by the attorney-client privilege. See In re Grand Jury Proceedings #5, 401 F.3d 247, 250 (4th Cir. 2005) ("[The] [a]ttorney-client privilege protects confidential communications between the client and the attorney. . . . Because the attorney-client privilege exists for the benefit of the client, the client holds the privilege." (internal quotation marks and citation omitted)). However, the Government argues that Braten waived his right to assert the attorney-client privilege in two ways.

First, the Government asserts that Braten waived his right to assert the attorney-client privilege by alleging misconduct and incompetence by Griffin and Elliott at trial and on appeal. (June Mot. 2-3.); see Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974); Laughner v. United States, 373 F.2d 326, 327 (5th Cir. 1967). While Braten does not contest that a party may lose the right to assert the attorney-client privilege by putting what would otherwise be privileged communications "at issue," he claims that the Government does not need the privileged communications to address the merits of his § 2255 Motion. However, the Government has made little showing of which privileged communications Braten has placed at issue. Rather, in the June Motion, the Government asks for the court to enter a preemptive order requiring Griffin and Elliott to "address the multitude of other allegations of ineffective

assistance of counsel in preparation of the Government's response to the § 2255 petition." (June Mot. 7.)

The Government has not alleged that it has requested information or that Griffin and Elliott have denied the Government access to information, either privileged or unprivileged. If the Government requests specific information and either Griffin, Elliott, or Braten deny that information on the basis of the attorney-client privilege, then the Government may make a showing as to how Braten has placed that information at issue with the allegations in his § 2255 Motion. Before (1) the Government makes such a specific request for information, (2) Griffin, Elliott, or Braten decline to provide that information due to the attorney-client privilege, and (3) the Government shows this court how Braten has placed that information at issue, any ruling by the court as to whether Braten waived his attorney-client privilege would be premature.[1] Therefore, the Government's first argument is without merit.

Second, the Government argues that "to the extent attorney Donald Snider ("Snider") was involved in any discussions with Braten and Messers. Griffin or Elliott, the attorney-client privilege does not apply to such discussions" because Snider, a lawyer who represented Braten but not in Braten's criminal trial or appeal, was a "third party" whose presence during conversations between Braten and Griffin and/or Elliott rendered the conversations unprivileged. (June Mot. 3.)

---

[1] If the Government can make the proper showing, the court will "have not the slightest scruple about deciding that [Braten] [has] thereby waive[d] the privilege as to all communications relevant to that issue" and can determine the scope of Braten's waiver, removing any possible prejudice to Braten's rights. Laughner, 373 F.2d at 327. Until then, however, the court cannot determine whether the Government's requested information exceeds the scope of a possible waiver.

4

"The attorney-client and work-product privileges are lost . . . when a client gives information to the attorneys for the purpose of committing or furthering a crime or fraud." In re Grand Jury Proceedings, 102 F.3d 748, 750-51 (4th Cir. 1996). The party invoking the crime-fraud exception, the Government, must make a prima facie showing that Braten: "(1) . . . was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud." In re Grand Jury Proceedings #5, 401 F.3d at 251. Additionally, the presence of a third party waives a client's right to assert the attorney-client privilege. See United States v. Jones (696 F.2d 1069, 1072 (4th Cir. 1982) ("Any disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege. Any voluntary disclosure by the client to a third party waives the privilege not only as to the specific communication disclosed, but often as to all other communications relating to the same subject matter.").

The Government's argument fails because the Government has not identified a conversation in which Snider was present with Braten and Griffin or Elliott in which information it needs to address Braten's § 2255 Motion was discussed. Moreover, the Government has not alleged that Braten or Griffin or Elliott has invoked the attorney-client privilege with respect to withholding information discussed during such a conversation. Accordingly, it is premature for the court to determine whether Braten's attorney-client privilege has been waived by Snider's presence.

### B. Braten's Motions

As noted above, when Braten filed his § 2255 motion, he also filed a motion to expand the record, for discovery, for an evidentiary hearing, and for appointment of counsel. Each will be addressed in turn.

The Government has not responded to Braten's motion to expand the record to include "additional materials relevant to the determination of the merits of the motion." (Movant's Mot. Expand Record 2.) Although the court makes no determination as to the admissibility of any evidence Braten wishes to submit, the court grants Braten's motion and will allow Braten to submit materials not in his trial record which he argues are relevant to the determination of the merits of his § 2255 motion.

With respect to Braten's motion for discovery, the Government argues that Braten has not shown a specific need for discovery at this time, and that such a showing is required before Braten is entitled to discovery. (Govt.'s Reply Supp. June Mot. 3.) See Bracy v. Gramley, 520 U.S. 899, 904 (1997) ("A habeas petitioner . . . is not entitled to discovery as a matter of course.") Braten has not demonstrated good cause to warrant discovery at this time. See id. Therefore, Braten's motion for discovery is denied.

Braten also moved the court for an evidentiary hearing. While the court may determine that an evidentiary hearing is necessary at some point in the future, an evidentiary hearing is unnecessary at present. Therefore, Braten's motion for an evidentiary hearing is denied.

Finally, Braten's motion for appointment of counsel is denied. See 28 U.S.C. 1915(e)(1) (West Supp. 2005); McKlesky v. Zant, 499 U.S. 467, 495 (1991) (finding that a

petitioner has no federal constitutional right to counsel in federal habeas corpus proceedings); Smith v. Blackledge, 451 F.2d 1201, 1203 (4th Cir. 1971) (noting that the district court judge has discretion to appoint counsel in a civil action).

Therefore, it is

**ORDERED** that the Government's motion for an extension of time, Document number 7, is denied as set forth above. The Government will have twenty (20) days from the date of this order to respond to Braten's § 2255 motion. It is further

**ORDERED** that Braten's motion to expand the record, for discovery, and for an evidentiary hearing, Document number 2, is granted in part and denied in part. Braten's motion to expand the record is granted as set forth above. Braten's motions for discovery and for an evidentiary hearing are denied. It is further

**ORDERED** that Braten's motion for appointment of counsel, Document number 4, is denied.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 27, 2005