IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | Cr. No. 6:01-48-1 |
| | ) | C.A. No. 6:05-453-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Milton Braten, | ) | |
| | ) | |
| Movant. | ) | |

  This matter is before the court on the United States of America's ("Government") motion for a determination that Braten has waived his right to assert the attorney-client privilege to protect communications between Braten and his trial counsel, James M. Griffin ("Griffin"). The Government asserts that Braten, in a § 2255 motion, waived the privilege by placing those communications at issue when he alleged that Griffin rendered ineffective assistance of counsel. Braten filed his § 2255 motion on February 14, 2005. In preparing its response, the Government sought an affidavit from Griffin to assist in addressing Braten's claims. However, Griffin invoked the attorney-client privilege in his affidavit and declined to provide a complete response to some of Braten's allegations. (Gov't's Resp. Ex. 3 (Griffin Aff. ¶¶ 8, 9, 10, & 11).)

  Accordingly, as part of the Government's response to Braten's § 2255 motion, the Government moved for a determination that Braten had waived his right to assert the attorney-client privilege with respect to conversations he had with Griffin concerning (1) trial strategy and trial preparation, (2) Mitchell Wollman's ("Wollman") status or involvement as a grand jury witness and any attempts to communicate with Wollman (including conversations

1

involving Donald Snider), and (3) the Wollman tape. Additionally, the Government moved to supplement its response to Braten's § 2255 motion if the court found that Braten had waived his attorney-client privilege. The court gave Braten an opportunity to reply to the Government's response, and Braten filed an 80-page reply on December 7, 2005.

In his reply, Braten admits, "Petitioner acknowledges the fact that once he has raised ineffective assistance of counsel as an issue, that attorney/client privilege may have been waived; however, such waiver is limited specifically to the communications directly relating to his allegations of ineffectiveness." (Braten's Reply 67.) Braten further acknowledges that Griffin will have to respond to his allegations.

Upon careful review of the record, the court grants the Government's motion, finding that Braten has waived his attorney-client privilege with respect to the conversations noted above. Accordingly, the Government may request that Griffin supplement his affidavit in light of Braten's waiver of the privilege, and the Government will have twenty (20) days from the date of this order to seek an additional affidavit from Griffin and supplement its response to Braten's claims.

**IT IS SO ORDERED**.

s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
December 22, 2005